Assoc. Rdy Mix v. Kirk 
















IN THE
TENTH COURT OF APPEALS
 

No. 10-91-023-CV

        ASSOCIATED READY MIX, INC.,
                                                                                       Appellant
        v.

        FLOYD A. KIRK, JR. AND FLOYD A. KIRK, SR.,
                                                                                       Appellees
 

 From the 13th District Court
Navarro County, Texas
Trial Court # 603-90
                                                                                                                
                                                                     
O P I N I O N
                                                                                                     

          Associated Ready Mix, Inc. appeals from a summary judgment in favor of Floyd Kirk, Sr.
and Floyd Kirk, Jr., who are minority shareholders, officers, and directors of the company. It
sued the Kirks for breaching a fiduciary duty to the corporation and converting its assets. 
Associated also charged Kirk, Jr. with acquiring the company's plant site by a wrongful
foreclosure and converting its assets by conspiring with the City National Bank of Corsicana. 
Kirk, Jr. counterclaimed against the company to collect four loans assigned to him by his father. 
The court entered a summary judgment that Associated take nothing and that Kirk, Jr. recover on
his counterclaim. We reform and affirm in part and reverse and remand in part. 
FORECLOSURES
          Associated constructed its cement plant on a 4.8-acre tract in Navarro County. City
National held a first lien on the real property and a lien on some of Associated's equipment to
secure a $300,000 note. Kirk, Jr. had a second lien on the real estate to secure two $25,000 loans
he made to the company. 
          On January 5, 1988, after Associated defaulted on both of his $25,000 notes, Kirk, Jr.
foreclosed his second lien and bought the 4.8 acres by bidding $50,000. When the company
defaulted on the $300,000 note, the bank foreclosed its security interest and sold the equipment
to Kirk, Jr. by a bill of sale dated January 5, 1988.
STANDARD AND SCOPE OF REVIEW
          Associated contends the court erred when it entered the summary judgment. Rule 166a(c)



contains the standard for reviewing this complaint: The evidence must conclusively establish that
no material fact issues exist and that the Kirks are entitled to a judgment as a matter of law. We
will view all evidence, indulge all inferences, and resolve all doubts in Associated's favor.


 We
will not uphold or reverse the summary judgment on any ground or issue not raised in the trial
court.


 
KIRK, JR.'S SUMMARY JUDGMENT
CLAIMS AGAINST KIRK, JR.
          Associated alleged that Kirk, Jr. (1) wrongfully foreclosed on the 4.8 acres, (2) unlawfully
induced and conspired with the bank to foreclose its security interest and sell him the equipment
at a commercially unreasonable price, (3) converted all of the company's assets, and (4) breached
a fiduciary duty to the corporation. He sought a summary judgment that Associated take nothing
on claims alleging a wrongful foreclosure and a conspiracy with the bank to acquire the company's
personal assets. He did not, however, move for a summary judgment on claims asserted against
him for conversion or breach of a fiduciary duty. Nevertheless, the court entered a summary
judgment that Associated take nothing on all claims against him.
KIRK, JR.'S COUNTERCLAIM
          Kirk, Sr. held three notes from the corporation secured by second-lien deeds of trust on
the 4.8 acres. He assigned the notes and deeds of trust to Kirk, Jr. along with an "unsecured loan"
represented by a $10,000 check Kirk, Sr. had given the company. Kirk, Jr. sued Associated for
defaulting on these four debts and moved for a summary judgment on his counterclaim. The court
awarded him a summary judgment against the company for $137,738.58—representing the unpaid
principal and accrued interest on the three notes and the $10,000 check—and $12,679.42 attorney
fees.
REVIEW OF KIRK, JR.'S SUMMARY JUDGMENT
CLAIMS AGAINST KIRK, JR.
          Associated alleged that Kirk, Jr. unlawfully induced and conspired with the bank to
foreclose its security interest and sell the corporation's assets to him at a commercially
unreasonable price. Unlawful inducement is not a cause of action. 
          Civil conspiracy, however, is a cause of action.


 It is a combination by two or more
persons to accomplish an unlawful purpose or to accomplish a lawful purpose by illegal means.



It requires an overt, illegal act in furtherance of the conspiracy.


 
          Kirk, Jr. stated in an affidavit that he and his father attended a private sale of Associated's
assets on January 22, 1988, but that prior to that date he had not made any arrangements or
agreements with the bank to purchase the company's assets. Associated's response is not
summary-judgment proof.


 For this reason, we cannot consider allegations in the response that
Kirk, Jr. unlawfully seized and converted the assets on January 5 in a "conspiracy" with the bank. 
Nor can we consider similar legal conclusions in John Pattison's affidavit.


 
          Associated attached to its response what purports to be excerpts from Kirk, Jr.'s
deposition. The Kirks objected to the excerpts, however, because they were not authenticated by
a court reporter's certificate or an affidavit by counsel, and they raise the same objection on
appeal. These unauthenticated excerpts are not summary-judgment proof.



          Associated did not produce any competent summary-judgment evidence to contradict Kirk,
Jr.'s assertions that he purchased the assets without any prior agreement or arrangements with the
bank. Accordingly, the court properly entered a summary judgment that Associated take nothing
on its claim that he conspired with the bank to foreclose on the equipment.
          Associated also alleged that Kirk, Jr. wrongfully foreclosed on the 4.8 acres. Kirk, Jr.
stated in an affidavit that he made two $25,000 loans to Associated secured by deeds of trust, that
he foreclosed his second lien against the real estate when the company made only three payments
on the loans, that all notices required for a non-judicial foreclosure were given, and that he
purchased the property on January 5, 1988, by bidding $50,000 at the foreclosure sale.
          Associated produced no summary-judgment proof to counter Kirk, Jr.'s evidence that the
foreclosure on the 4.8 acres was legally conducted. Therefore, the court properly entered a
summary judgment that Associated take nothing on its claim of wrongful foreclosure.
CLAIMS AGAINST ASSOCIATED
          Kirk, Jr. sued Associated for the unpaid balance of principal and interest due on four debts
owed by the company, three of which were represented by real-estate lien notes executed to Kirk,
Sr. and one by a $10,000 check signed by Kirk, Sr. and payable to Associated. Kirk, Sr. assigned
his rights under the three notes and the check to Kirk, Jr., who moved for a summary judgment
on the delinquent debts. 
          In affidavits supporting the summary-judgment motion, the Kirks stated that the $10,000
check was a loan to the company. Kirk, Jr. also stated in his affidavit that Associated was
delinquent and, as of August 16, 1990, Associated owed $126,794.18 on the three notes. He also
set out the daily rate that interest was accruing on each of the notes. 
          Associated asserted in its response that the $10,000 check was not a loan to the company
but was a "gift or contribution to capital" with no obligation of repayment. We cannot consider
these allegations, however, because the response is not summary-judgment proof.


 
          However, Johnny Pattison stated in his affidavit:
At various times from 1985 through 1987 all shareholders in ASSOCIATED READY
MIX, INC. contributed money and/or labor to the Corporation for which no agreement to
repay and no terms of repayment were ever discussed and agreed upon. The check given
to ASSOCIATED READY MIX, INC. by FLOYD KIRK, SR. dated September 20, 1985
was one such instance.
The Kirks objected that Pattison stated a legal conclusion that the check was a gift of capital. This
portion of Pattison's affidavit was not a legal conclusion but a statement of observable, admissible
facts. Accordingly, the summary-judgment record contains a fact issue—i.e., whether the $10,000
check was a debt of the company or a capital contribution. The court therefore erred when it
granted a summary judgment that Kirk, Jr. recover on the $10,000 check as a delinquent debt.
          Associated also contended in its response that Kirk, Jr. was estopped from suing on the
notes because foreclosure was mandatory under the deeds of trust assigned to him by his father. 
Associated had the burden of producing summary-judgment evidence to establish its affirmative
defense of estoppel.


 Because it did not include the deeds of trust in the summary-judgment
record or otherwise produce evidence on all of the elements of estoppel, that defense did not defeat
a summary judgment on the notes. Thus, the court correctly entered a summary judgment that
Kirk, Jr. recover on the three notes.
ATTORNEY FEES
          The three notes Kirk, Jr. sued on provided that, if they were collected through a judicial
proceeding, the holder was entitled to recover "reasonable attorney's fees. . . . Reasonable
attorney's fees shall be 10 % of all amounts due unless either party pleads otherwise." (Emphasis
added). He attached the notes to his counterclaim and motion for a summary judgment. 
Associated contends the court improperly awarded attorney fees because Kirk, Jr. did not ask for
their recovery in the summary-judgment motion or prove their reasonableness.
          In a summary-judgment proceeding, the holder of a note is entitled to recover attorney fees
stipulated in the note if their reasonableness is not questioned by the defendant.


 Here, the court
properly awarded attorney fees because Associated did not question their reasonableness in the
trial court.


 
PARTIAL REVERSAL AND REMAND
          A court cannot grant a summary judgment on grounds not included in the motion.


 Kirk,
Jr. did not move for a summary judgment on claims asserted against him for conversion or breach
of a fiduciary duty. Thus, the court erred when it entered a take-nothing summary judgment on
all claims asserted against him.
          We therefore sever Associated's causes of action for conversion and breach of a fiduciary
duty from the other claims against Kirk, Jr. We reverse the summary judgment to the extent it
provides that Associated take nothing against him for conversion and breach of a fiduciary duty,
and we remand those claims for a trial.
          Moreover, we sever Kirk, Jr.'s cause of action on the $10,000 check from his other claims
against Associated, reverse the summary judgment to the extent it awards him a recovery on the
check as a debt of the company, and remand the cause of action on the check for a new trial. 
                                    KIRK, SR.'S SUMMARY JUDGMENT
          Associated alleged that Kirk, Sr. (1) "unlawfully induced" the bank to foreclose its security
agreement and sell the equipment to his son at a commercially unreasonable price, (2) converted
all of the company's assets, and (3) breached a fiduciary duty as an officer and director of the
corporation. As already noted, unlawful inducement is not a cause of action. The court granted
a summary judgment that Associated take nothing against him.
                          REVIEW OF KIRK, SR.'S SUMMARY JUDGMENT
          In an affidavit supporting the summary-judgment motion, Kirk, Sr. said that he attended
a private sale of Associated's assets on January 22, 1988, but that prior to that date he had
"absolutely no contact with Mr. Clark [president of City National] regarding CNB's decision to
foreclose its security interest." He also claimed that he did not bid on the assets at the private sale,
had "no involvement" in Kirk, Jr.'s subsequent purchase of the assets from the bank, and was not
in possession of any of the company's assets or any proceeds from their sale.
          In its response, Associated alleged that Kirk, Sr. and his son were at the bank on January
5 "in furtherance of the conspiracy to destroy [the company] and convert its assets"; that he
"participated in a so called `private sale' . . . and took no action to protect [the company] from
the wrongful acts of his son"; and that he "conspired" with the bank and his son to convert the
assets. We cannot consider any of these statements because Associated's verified response is not
competent summary-judgment proof.



          Associated did, however, attach to its response an affidavit of Johnny Pattison, who stated: 
On January 5, 1988, I saw FLOYD KIRK, JR. and FLOYD KIRK, SR. at the CITY
NATIONAL BANK in Corsicana. To my knowledge FLOYD KIRK, SR. never took any
action to protect the Corporate assets from being converted by FLOYD KIRK, JR. and the
CITY NATIONAL BANK in Corsicana. At the special called meeting of shareholders held
in 1988 FLOYD KIRK, SR. supported his son, FLOYD KIRK, JR. in his unlawful
conversion of the Corporate assets.
(Emphasis added). The Kirks objected to the italicized portion of the affidavit as being legal and
factual conclusions and unilateral, subjective opinions of the facts. Associated did not amend
Pattison's affidavit, and the Kirks have raised the same objections on appeal. 
          An affidavit in a summary-judgment proceeding must set forth admissible facts.


 A legal
conclusion will not raise a fact issue to preclude granting a summary judgment.


 Pattison's
statements that Kirk, Jr. and the bank "converted" the assets and that Kirk, Sr. took no action to
protect the corporation against the "unlawful conversion" are legal conclusions. 
          Kirk, Sr.'s affidavit conclusively established that he never possessed any of Associated's
personal property. Pattison did not state any facts to controvert the evidence in Kirk, Sr.'s
affidavit. Thus, the court properly entered a take-nothing summary judgment on the claim that
he converted the company's assets. 
          As a minority shareholder, director, and president of Associated, Kirk, Sr. owed a
fiduciary duty to the corporation and could not act adversely to its interest.


 Thus, he could
neither wrongfully appropriate its assets to his own use nor permit his son to do so.



          As noted above, the court properly entered a take-nothing summary judgment on the claim
that Kirk, Sr. converted the company's assets. We have remanded for a new trial Associated's
causes of action against Kirk, Jr. for conversion and breach of a fiduciary duty. If Kirk, Jr. is
later found to have converted the company's assets, Kirk, Sr. could be liable for breaching his
fiduciary duty to the company if he permitted or failed to prevent the conversion. Because Kirk,
Sr.'s liability for breach of a fiduciary duty depends upon fact findings yet to be made—i.e.,
whether his son converted the company's assets and, if so, whether Kirk, Sr. permitted or failed
to prevent the conversion—the summary-judgment record contains material facts issues. 
Accordingly, the court erred when it entered a summary judgment that Associated take nothing
on its claim that Kirk, Sr. breached a fiduciary duty.
PARTIAL REVERSAL AND REMAND
          We sever Associated's cause of action against Kirk, Sr. for breach of a fiduciary duty from
its remaining causes of action against him. We reverse the portion of the summary judgment that
precluded Associated from recovering as a matter of law on its claim against him for breach of a
fiduciary duty, and remand that cause of action for a new trial. 
DISPOSITION
          We have reversed the summary judgment to the extent it provides that: (1) Associated take
nothing against Kirk, Sr. on the claim that he breached a fiduciary duty; (2) Associated take
nothing on its claims against Kirk, Jr. for conversion and breach of a fiduciary duty; and (3) Kirk,
Jr. recover the $10,000 check as a delinquent debt of the company. We have remanded these
causes of action for a new trial. Accordingly, we reform the portion of the judgment awarding
Kirk, Jr. a recovery on the $10,000 check by reducing the amount of the judgment against
Associated from $137,738.58 to $127,738.58. We affirm the summary judgment, as reformed,
in all other respects. 
 
                                                                                 BOB L. THOMAS
                                                                                 Chief Justice
Before Chief Justice Thomas,
          Justice Cummings and
          Justice Vance
Reformed and affirmed in part, 
          reversed and remanded in
          part
Opinion delivered and filed March 18, 1992
Do not publish